IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                           :

TERESA RIVERA DAVILA               :        CASE NO. 98-12587(SEK)
    DEBTOR
                             :        CHAPTER 13
------------------------------------

                             :
TERESA RIVERA DAVILA
FERDINAND MEDINA BRUNO           :        ADV. NO. 05-115
    PLAINTIFF

                             :
          V.

                             :
GREAT LAKES HIGHER EDUCATION CORP.;
EDUCATIONAL CREDIT MANAGEMENT CORP.:
    DEFENDANTS

                             :
------------------------------------

                             :
ANGEL HERNANDEZ CORRALIZA          :        CASE NO. 96-07587(SEK)
AIDA SANCHEZ GUTIERREZ            :
    DEBTORS                              CHAPTER 13
                             :
------------------------------------

                             :
ANGEL HERNANDEZ CORRALIZA          :
AIDA SANCHEZ GUTIERREZ
    PLAINTIFFS                   :        ADV. NO. 05-163

         V.               **FILED & ENTERED**

EDUCATIONAL CREDIT MANAGEMENT CORP.:
    DEFENDANT          **JUL 0 6 2006**

                       CLERK
               U.S. BANKRUPTCY COURT
               SAN JUAN, PUERTO RICO

OPINION AND ORDER

    Before the Court are Defendants' motions to dismiss the case under FRCP 12(b)(6) and Fed. R. Bankr. P. 7012 claiming the accrued post petition interest on student loans was not discharged, so that collection efforts are proper and do not violate the Discharge Orders entered in these cases. For reasons that follow, we deny the motion finding Defendants have not met their initial burden of

2

proof.

## Background

Although the cases are very similar, we summarize the facts separately.

**A. Case no. 05-115**

Debtor filed bankruptcy petition under Chapter 13 on September 4, 1998. The confirmed plan called for payment of 100% of Educational Credit Management Corporation's ("ECMC") proof of claim.[1] The Trustee's final report and account shows he distributed $2,519.00 to ECMC, equal to the full amount specified in its proof of claim #3. The Order of Discharge was entered and properly notified.

Afterwards, ECMC notified Debtor that the student loan was in default. ECMC then garnished a portion of Debtor's wages, applying the deductions to the outstanding amount of the loan. This action prompted the filing of the complaint for a declaratory judgment and damages, where Debtor claims the student loan as it was paid thru plan distributions and was discharged.

**B. Case no. 05-163**

Debtors filed bankruptcy petition under Chapter 13 on September 25, 1996. The confirmed plan provided that it would pay 100% Banco Santander's allowed claim.[2] The final report and account shows the Trustee distributed $7,424.16 to the Bank, equal to the full amount specified in its allowed proof of claim. The



---

[1]   ECMC is the asignee of the loan.

[2]   ECMC is the asignee of the loan.

3

Order of Discharge was entered and properly notified.

Afterwards, the Bank notified co debtor Aida Sánchez Gutiérrez that her student loan was in default and, as the loan servicer, it continued making collection efforts through letters and harassing phone calls. Debtors then filed this complaint for damages, seeking a declaratory judgment concerning the discharge of this debt thru full payment of the Bank's allowed claim by the Trustee.

## Discussion

Defendants[3] argue the debts survived bankruptcy, as the proofs of claims only covered principal and pre-petition interest. Student loans accrue post petition interest that must be paid through a plan, or these are not discharged. Hence, in these cases where the confirmed plans and the orders of discharge made no provision for post-petition interest, post- petition interest was not paid or discharged, and may now be collected, as Debtors make no claim of undue hardship.

Debtors aver plan distributions resulted in payment of their student loans, and the order of discharge precludes Defendants' collection efforts. Debtors also argue Defendants have not provided a complete payment history of their loans, so there is a factual issue concerning amounts, if any owed. In the alternative, Debtors request they be allowed to amend the complaint to include the allegation of undue hardship.



---

[3] In adversary 05-115, the motion to dismiss was filed by remaining defendants ECMC and Great Lakes Higher Education. In adversary 05-163, the motion to dismiss was filed by ECMC. Banco Santander is also a defendant in this case, however, thus far they have not appeared.

4

We agree with Debtors. Defendant's have not produced a payment history enabling us to determine the outstanding amount of these loans, if any. Defendant's proof of claim filed in case 98-12587 is not helpful.[4] Debtors provide incomplete payment histories. Hence, Defendant's have not met their initial burden of showing any outstanding balances survived bankruptcy.[5]

Finally, Debtors asked they be allowed to amend the complaints to request hardship discharge of these debts. Because amendments to a complaint are to be freely given[6], we grant these requests.

WHEREFORE, Defendants' motions to dismiss are denied and Debtors shall file amended complaints within thirty days.

SO ORDERED, in San Juan, Puerto Rico, on July 5, 2006.

SARA DE JESUS
U.S. Bankruptcy Judge

---

[4] We could not review the proof of claim in case 96-07587 as it was not imaged and should be part of the file stored in the U.S. mainland.

[5] "When presented with a motion to dismiss, the district court must take as true 'the well-pleaded facts in the complaint, extending [the] plaintiff every reasonable inference in his favor.' A complaint should not be dismissed under Federal Rule of Civil Procedure 12(b)(6) unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (citations omitted). Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31 (1st Cir. 2002).

[6] See Federal Rule of Civil Procedure 15(a) and Federal Rule of Bankruptcy Procedure 7015. See also, Hatch v. Department for Children Youth and Their Families (State of Rhode Island), 274 F.3d 12, 19 (1st Cir. 2001)

